## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MAY WALKER,
an individual,                                                    Case No.:

       Plaintiff,

v.

NIIWIN, LLC,
d/b/a LENDGREEN,
a foreign limited liability company,

       Defendant.

_____/

## VERIFIED COMPLAINT

**COMES NOW,** Plaintiff, MAY WALKER (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, NIIWIN, LLC, d/b/a LENDGREEN (hereinafter, "Defendant"). In support thereof, Plaintiff states:

## INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), and the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA").

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises under 47 United States Code, Section 227(b)(3), 28 United States Code, Section 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 United States Code, Section 1367.

2.      Venue in this District is proper because Defendant transacts business in this District and the conduct complained of occurred in this District.

1

3.      At all material times herein, the conduct of Defendant, complained of below, occurrs in Pinellas County, Florida.

4.      At all material times herein, Plaintiff is an individual residing in Pinellas County, Florida.

5.      At all material times herein, Defendant, NIIWIN, LLC, d/b/a LENDGREEN is a limited liability company engaged in business in Florida with its principal place of business located at 418 Little Pines Rd., Lac Du Flambeau, WI 54538.

## GENERAL ALLEGATIONS

6.      At all material times herein, Defendant Niiwin, LLC, d/b/a Lendgreen is a "creditor" as defined by Florida Statutes, Section 559.55(5).

7.      At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

8.      At all material times herein, Defendant attempts to collect a debt, specifically a consumer payday loan with account number ending in -2727 (hereinafter, the "Debt").

9.      At all material times herein, the Debt is a consumer debt, incurred primarily for personal, household, or family use.

10.     At all material times herein, the Defendant is a "person" subject to Florida Statutes, Section 559.72.  *See* Florida Statutes, Section 559.55(4); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

11.     At all material times herein, Defendant's conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

2

12.     At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

13.     All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

14.     Defendant's telephone calls, as more specifically alleged below, were placed to Plaintiff's cellular telephone number  ending in -0045 (hereinafter, "Cellular Telephone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

15.     Plaintiff is the owner, regular user, and possessor of a Cellular Telephone with the assigned number ending in -0045.

16.     On or before March 30, 2015, Plaintiff retained Leavengood, Dauval, Boyle & Meyer, P.A. (hereinafter "Undersigned Counsel") for representation with respect to her debts generally, including the Debt.

17.     On March 30, 2015, Plaintiff filed a Chapter 13 Voluntary Bankruptcy, bankruptcy case number 8:15-bk-03140-KRM (hereinafter "Bankruptcy Case").  Defendant was listed as an unsecured creditor in Schedule F.  Please see attached a true and correct copy of the relevant page of Plaintiff's Schedule F and creditor matrix labeled as Exhibit "A1-A2."

18.     On or about December 3, 2012, Deputy Clerk of the Bankruptcy Court, Joseph Speetjens, declared under penalty of perjury that he served a Notice of Chapter 13 Case, Meeting of Creditors, & Deadlines (hereinafter, "Notice of Commencement") on Defendant, providing Defendant with actual notice of Undersigned Counsel's representation of Plaintiff with regard to

the Debt, as well as actual notice of Plaintiff's Bankruptcy Case and the automatic stay of creditors pursuant to 11 United States Code, Section 362 (hereinafter, "Automatic Stay").  Please see attached a true and correct copy of said Notice of Commencement and BNC Certificate of Notice labeled as Exhibit "B1-B4."

19.    At no time herein did Defendant possess Plaintiff's prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

20.    Further, if Defendant contends it possessed such consent, such consent was revoked the moment Defendant received notice of Undersigned Counsel's representation of Plaintiff with respect to the Debt (i.e., notice of Plaintiff's legal counsel via the Notice of Commencement).  *See* Florida Statutes, Section 559.72(18).

21.    Additionally, if Defendant contends the below-referenced phone calls were placed for "informational purposes only," it nonetheless lacked the required prior express written consent necessary to make such informational calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

22.    Each of the below-referenced calls were placed despite Defendant possessing actual knowledge of Plaintiff's Bankruptcy Case, the Automatic Stay, Undersigned Counsel's legal representation of Plaintiff with respect to the Debt, and Undersigned Counsel's contact information.

23.    Additionally, each of the below-referenced calls were placed in an attempt to collect the Debt directly from Plaintiff.

24.    On or about March 17, 2015 at approximately 9:11 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

4

25.     On or about March 17, 2015 at approximately 4:05 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

26.     On or about March 18, 2015 at approximately 9:28 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

27.     On or about March 18, 2015 at approximately 4:07 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

28.     On or about March 19, 2015 at approximately 9:05 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

29.     On or about March 19, 2015 at approximately 2:22 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

30.     On or about March 19, 2015 at approximately 4:05 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

31.     On or about March 19, 2015 at approximately 7:07 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

32.     On or about March 20, 2015 at approximately 9:14 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

33.     On or about March 20, 2015 at approximately 2:25 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

34.     On or about March 20, 2015 at approximately 4:04 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

35.     On or about March 23, 2015, despite receiving the Notice of Commencement and despite possessing actual knowledge of Plaintiff's Bankruptcy Case, the Automatic Stay, Undersigned Counsel's representation of Plaintiff with respect to the Debt, and Undersigned

Counsel's contact information, Defendant directly sent Plaintiff a collection letter in an attempt to collect the Debt.  Please see attached a true and correct copy of said collection letter, labeled as Exhibit "C."

36.     On or about March 23, 2015 at approximately 8:17 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

37.     On or about March 23, 2015 at approximately 12:54 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

38.     On or about March 23, 2015 at approximately 5:10 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

39.     On or about March 24, 2015 at approximately 11:57 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

40.     On or about March 24, 2015 at approximately 4:18 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

41.     On or about March 24, 2015 at approximately 8:50 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

42.     On or about March 25, 2015 at approximately 11:38 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

43.     On or about March 25, 2015 at approximately 4:36 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

44.     On or about March 26, 2015 at approximately 10:38 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

45.     On or about March 26, 2015 at approximately 7:23 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

46.     On or about March 27, 2015 at approximately 1:22 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

47.     On or about March 30, 2015 at approximately 1:55 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

48.     On or about March 30, 2015 at approximately 6:14 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

49.     On or about March 31, 2015 at approximately 7:18 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

50.     On or about April 1, 2015 at approximately 1:22 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

51.     On or about April 2, 2015, Undersigned Counsel sent Defendant a facsimile transmission, again advising Defendant of Undersigned Counsel's legal representation of Plaintiff with respect to the Debt, again providing Undersigned Counsel's contact information, and advising Defendant that all further communication must be directed towards Undersigned Counsel exclusively (hereinafter, "First Fax of Representation").  Please see attached a true and correct copy of said First Fax of Representation and delivery confirmation labeled as Exhibit "D1-D3."

52.     On or about April 2, 2015 at approximately 2:05 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

53.     On or about April 2, 2015 at approximately 6:26 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

54.     On or about April 4, 2015 at approximately 2:51 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

55.    On or about April 6, 2015 at approximately 6:45 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

56.    On or about April 7, 2015 at approximately 4:37 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

57.    On or about April 8, 2015 at approximately 1:16 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

58.    On or about April 8, 2015 at approximately 7:48 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

59.    On or about April 9, 2015 at approximately 11:00 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

60.    On or about April 10, 2015 at approximately 9:00 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

61.    On or about April 11, 2015 at approximately 4:43 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

62.    On or about April 14, 2015 at approximately 12:49 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

63.    On or about April 15, 2015 at approximately 1:43 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

64.    On or about April 15, 2015 at approximately 6:29 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

65.    On or about April 17, 2015 at approximately 3:02 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

66.     On or about April 20, 2015 at approximately 11:58 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

67.     On or about April 20, 2015 at approximately 8:22 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

68.     On or about April 23, 2015 at approximately 10:28 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

69.     On or about April 25, 2015 at approximately 12:08 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

70.     On or about April 28, 2015 at approximately 12:09 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

71.     On or about April 29, 2015 at approximately 4:08 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

72.     On or about April 30, 2015 at approximately 5:45 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

73.     On or about May 1, 2015 at approximately 2:56 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

74.     On or about May 1, 2015 at approximately 7:50 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

75.     On or about May 4, 2015 at approximately 1:09 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

76.     On or about May 5, 2015 at approximately 10:16 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

77.     On or about May 6, 2015 at approximately 5:04 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

78.     On or about May 7, 2015 at approximately 10:21 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

79.     On or about May 7, 2015 at approximately 6:08 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

80.     On or about May 9, 2015 at approximately 10:51 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

81.     On or about May 11, 2015 at approximately 3:07 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

82.     On or about May 12, 2015, Undersigned Counsel sent Defendant another facsimile transmission (hereinafter, "Second Fax of Representation") as well as a letter of representation via certified mail (hereinafter, "Letter of Representation").  Please see attached true and correct copies of said Second Fax of Representation and Letter of Representation with delivery confirmation labeled as Exhibits "E1-E5" and "F1-F7," respectively.

83.     Both the Second Fax of Representation and Letter of Representation again advised Defendant of Undersigned Counsel's representation of Plaintiff with respect to the Debt and again advised Defendant that all further communication must be directed toward Undersigned Counsel exclusively.  *See* Exhibits "E1-E5" and "F1-F7."

84.     On or about May 12, 2015 at approximately 1:54 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

85.     On or about May 13, 2015 at approximately 10:27 a.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

86.     On or about May 14, 2015 at approximately 5:32 p.m. EST, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

87.     Plaintiff retained Undersigned Counsel for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

88.     As a direct result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, confusion and loss of sleep, believing that the hiring of an attorney for representation with respect to the Debt was wholly ineffective, that the filing of Plaintiff's Bankruptcy Case was wholly ineffective, and that the frequent, repeated direct debt collection attempts would simply have to be endured.

89.     Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages, actual damages, punitive damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

90.     United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

91.     Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

92.     As of the date of this complaint, Defendant has not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendant.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)**

Plaintiff re-alleges paragraphs one (1) through ninety-two (92) as if fully restated herein and further states as follows:

93.    Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

94.    Specifically, Defendant received actual notice and possessed actual knowledge of Plaintiff's Bankruptcy Case and Automatic Stay, and received repeated actual notice and possessed actual knowledge of Undersigned Counsel's representation of Plaintiff with respect to the Debt.

95.    Despite possessing said knowledge, Defendant nonetheless attempted to collect the Debt directly from Plaintiff, by placing *at least* fifty-nine (59) calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV without Plaintiff's prior express consent, and also by sending *at least* one (1) collection letter directly to Plaintiff.

96.    Defendant's continued unlawful collection attempts caused Plaintiff to believe that her Bankruptcy Case, Automatic Stay, and her retention of counsel with respect to the Debt were wholly ineffective, and were done by Defendant to intimidate, harass, and deceive Plaintiff into paying the Debt.

97.    Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as contemplated by Florida Statutes, Section 559.72(7).

98.    As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT TWO:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)**

Plaintiff re-alleges paragraphs one (1) through ninety-two (92) as if fully restated herein and further states as follows:

99.     Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(9) by attempting to collect the Debt with knowledge that the Debt is not legitimate or asserting the existence of the legal right with the knowledge that the right does not exist.

100.     Defendant received the Notice of Commencement and possessed actual knowledge of Plaintiff's Bankruptcy Case and Automatic Stay.

101.     Further, Defendant possessed actual knowledge of Undersigned Counsel's representation of Plaintiff with respect to the Debt, as Undersigned Counsel sent Defendant three (3) notices of representation (i.e., the First Fax of Representation, the Second Fax of Representation, and the Letter of Representation).

102.     Despite possessing said knowledge, Defendant nonetheless attempted to collect the Debt from Plaintiff by placing *at least* fifty-nine (59) calls directly to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV without Plaintiff's prior express consent, and sending *at least* one (1) collection letter directly to Plaintiff.

103.     Defendant knowingly and falsely asserted it possessed the right to attempt to collect the Debt directly from Plaintiff despite her Bankruptcy Case and Automatic Stay.

104.     As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT THREE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)**

Plaintiff re-alleges paragraphs one (1) through ninety-two (92) as if fully restated herein and further states as follows:

105.    Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) by intentionally and repeatedly communicating directly with Plaintiff after receiving actual notice that Plaintiff was represented by legal counsel with respect to the underlying Debt.

106.    Defendant received actual notice of—and possessed actual knowledge of—Plaintiff's Bankruptcy Case and Automatic Stay via the Notice of Commencement.

107.    The Notice of Commencement included the name and contact information of Undersigned Counsel.

108.    Further, Defendant also repeatedly received actual notice and possessed actual knowledge of Undersigned Counsel's representation of Plaintiff with respect to the Debt as Undersigned Counsel sent Defendant three (3) notices of representation (i.e., the First Fax of Representation, the Second Fax of Representation, and the Letter of Representation).

109.    Despite possessing the above-referenced knowledge, Defendant nonetheless attempted to collect the Debt directly from Plaintiff by placing *at least* fifty-nine (59) calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV without Plaintiff's prior express consent, and by sending *at least* one (1) collection letter directly to Plaintiff.

110.    As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT FOUR:**
**TELEPHONE CONSUMER PROTECTION ACT-**
**VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)**

Plaintiff re-alleges paragraphs one (1) through ninety-two (92) as if fully restated herein and further states as follows:

111.    Defendant is subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an automatic telephone dialing system or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

112.    Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to call Plaintiff's Cellular Telephone *at least* fifty-nine (59) times in its attempt to collect the Debt.

113.    At no material time herein did Defendant possess Plaintiff's prior express consent to call Plaintiff on her Cellular Telephone using an ATDS, a PTDS, or an APV.

114.    Further, if Defendant contends it possessed such consent, such consent was revoked the moment Defendant received notice of Undersigned Counsel's representation of Plaintiff with respect to the Debt (i.e., notice of Plaintiff's legal counsel via the Notice of Commencement).  *See* Florida Statutes, Section 559.72(18).

115.    Additionally, if Defendant contends said phone calls were placed for "informational purposes only," Defendant nonetheless lacked the required prior express consent necessary to make such informational calls to Plaintiff's Cellular Telephone using and ATDS or APV.

116.    The phone calls made by Defendant complained of herein are the result of repeated willful and knowing violations of the TCPA.

117.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered:

a.     The periodic loss of her Cellular Telephone service;

b.     Lost material costs associated with the use of peak time Cellular Telephone minutes allotted under her Cellular Telephone service contract;

c.     The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost; and

d.     Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendant's conduct, Plaintiff respectfully requests entry of:

a.     Judgment against Defendant declaring that Defendant violated the FCCPA and the TCPA;

b.     Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

c.      Judgment against Defendant for injunctive relief for Defendants' continued violations of the FCCPA;

d.     Judgment against Defendant for statutory damages in the amount of $500.00 for each of Defendants' telephone calls that violated the TCPA;

e.      Judgment against Defendant for treble statutory damages in the amount of up to $1,500.00 for each of Defendant's telephone calls that violated the TCPA for which Defendant acted knowingly and/or willingly;

f.      Judgment against Defendant for actual damages in an amount to be determined at trial;

g.      Judgment against Defendant for punitive damages in an amount to be determined at trial;

h.      Judgment for an award of reasonable attorneys' fees and costs; and

i.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**LEAVENLAW**

/s/ *Aaron M. Swift*
_____
☐ **Ian R. Leavengood, Esq., FBN 0010167**
[X] **Aaron M. Swift, Esq., FBN 093088**
☐ **Gregory H. Lercher, Esq., FBN 0106991**
☐ **Sara J. Weiss, Esq., FBN 0115637**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
glercher@leavenlaw.com

sweiss@leavenlaw.com
*Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA                     )
                                     )
COUNTY OF _Pinellas_                 )

Plaintiff May Walker, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_____
May Walker

Subscribed and sworn to before me
this _2nd_ day of _APRIL_, 2016.

_____
Notary Public

My Commission Expires: _03/14/2017_ .        Proof of I.D.: _FL. DRIV. LIC._
                                             _W426 - 552 - 62 - 669 - 0_
                                             _EXP. 05/09/2018_.



SHAKEEL SALEH
MY COMMISSION # EE 877010
EXPIRES: March 14, 2017
Bonded Thru Notary Public Underwriters